# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**ADRIAN JACOBS**                                                                             **PLAINTIFF**

**v.**                              **No: 2:23-cv-00235-LPR-PSH**

**MITCHELL,** *et al.*                                                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Adrian Jacobs filed a *pro se* complaint on December 5, 2023, while incarcerated at the Crittenden County Detention Facility (Doc. No. 2). On December 13, 2023, the Court granted Jacobs' application to proceed *in forma pauperis* (Doc. No. 6). The Court has screened Jacobs' complaint and recommends his claims be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right,

privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

Jacobs complains about the treatment of another inmate. Doc. No. 2 at 4-5. Jacobs has no standing to sue on behalf of other inmates. "A prisoner cannot bring claims on behalf of other prisoners." *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985). And to the extent Jacobs refers to himself on page 6 of his complaint, he does not describe a viable constitutional claim. He states that he was placed near felony inmates while he was only charged with a misdemeanor; he does not allege that he was in any specific risk of harm. Doc. No. 2 at 6. To state a failure-to-protect claim, a plaintiff must allege that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). An inmate's complaints regarding a "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody." *Robinson v. Cavanaugh,* 20 F.3d 892 (8th Cir. 1994).

For these reasons, Jacobs' complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.  Jacobs' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE